STEVE HANLE *(admitted pro hac vice)*
shanle@stradlinglaw.com
SALIL BALI *(admitted pro hac vice)*
sbali@stradlinglaw.com
IRELAND LARSEN *(admitted pro hac vice)*
ilarsen@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660
Telephone: 949 725 4000
Facsimile: 949 725 4100

MENG ZHONG (NV Bar No.: 12145)
Meng.Zhong@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
8488 Rozita Lee Ave., Suite 400 Las Vegas, NV 89113
Tel.: (702) 949-8200

*Attorneys for Plaintiffs TSK Laboratory Europe B.V.; Johnson Global Medical Products Inc., d/b/a TSK Laboratory International, Canada; and ACollaboratory America Inc. d/b/a TSK Laboratory America*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| TSK Laboratory Europe B.V.; Johnson Global Medical Products Inc., d/b/a TSK Laboratory International, Canada; and ACollaboratory America Inc. d/b/a TSK Laboratory America,<br><br>Plaintiffs,<br><br>v.<br><br>Kabushikigaisha Tasuku d/b/a TSK Laboratory, Japan,<br><br>Defendant. | CASE NO. 2:26-cv-01797-MMD-NJK<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to this Stipulated Protective Order have agreed to the terms of this Order, for which there is GOOD CAUSE, for the reasons set out below; accordingly, it is ORDERED:

**1. Good Cause for Protective Order.**

The parties to this case are competitors. The subject matter and issues raised by this case involve claims that may call for the production of confidential, proprietary and/or trade secret information that may relate to, inter alia, customers, products, sales, profits, social media analytics,

sponsorship and affiliate agreements, business strategies, revenue sources, and/or other financial and competitively sensitive information, as to which the parties have a substantial interest in keeping private and out of the hands of their competitors. Because the public does not have a right or a substantial interest to the public disclosure of information during discovery or in law and motion unless and/or until the information is material to the ultimate resolution of issues in the case, there is GOOD CAUSE for the designation of materials to protect their confidential nature during discovery. At the time of trial or in connection with a dispositive motion, the parties will work together in accordance with this Stipulated Protective Order to maintain the confidential nature of the material properly designated under the Order balanced against the public's right of access.

**2. Scope.**

All materials produced or adduced from parties or non-parties in the course of discovery, including initial disclosures, responses to discovery requests, responses to subpoenas, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. No person shall use any Confidential Information produced by an opposing party or third party for any purpose other than for use in this specific above captioned lawsuit. For the avoidance of doubt, no Confidential Information produced by an opposing party or third party shall be used in any other lawsuit or in the prosecution of any trademark application or patent application anywhere in the world.

**3. Confidential Information.**

As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party must fall within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial

information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must fall within one of the above categories, and be of such a sensitive nature that the producing party believes, in good faith, that disclosure would likely cause economic harm or competitive disadvantage to the producing party. Information or documents that are available to the public may not be designated as Confidential Information.

**4. Designation of Documents**

**a.** A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be applied prior to or at the time of the documents being produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

**b.** A party may also designate a document as Confidential Information for protection under this Order by including the words "CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the document's electronic file name, but this does not relieve the party from also marking the document, as indicated in 4.a. above. For native document productions a slip sheet with the proper marking should also be provided with the document production.

**c.** The designation of a document as Confidential Information is a certification that an attorney, in good faith, believes that the document contains Confidential Information as defined in this Order.

**5. Depositions**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of the following: No later than 30 days after the final transcript is delivered to any party and the witness. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information (either as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall not act as a waiver of any party's right to later designate portions of the transcript as Confidential Information, but any party's disclosure of the Confidential Information prior to receiving the Notice of Designation is not a violation of this Order. Upon receiving a belated Notice of Designation, a receiving party shall make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

**6. Protection of Confidential Material.**

**a. General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**b. Protection of "CONFIDENTIAL" Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any other party's information marked

as “CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER” to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review information marked as “CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER”:

1) **Counsel.** Counsel for the parties and employees of counsel who assist with and/or have responsibility for the action;

2) **Parties.** Employees of a party but only to the extent counsel determines in good faith that the employee’s assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

3) **The Court and Its Personnel**;

4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, *Acknowledgment and Agreement to Be Bound*;

7) **Witnesses at Depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order

must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8) **Author or Recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

9) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c. **Protection of "ATTORNEYS' EYES ONLY" Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any other party's information marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, the following categories of persons may be allowed to review information marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

1) **Outside Counsel.** Outside counsel for the parties and employees of outside counsel who assist with and/or have responsibility for the action;

2) **The Court and Its Personnel;**

3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

4) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

5) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A,

*Acknowledgment and Agreement to Be Bound*, and as to whom the procedures set forth in Paragraph 7, below, have been followed;

6) **Witnesses at Depositions.** During their depositions, witnesses in this action who are otherwise authorized to see the document marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

7) **Author or Recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

8) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**d. Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order until the termination of the case.

**7. Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information to Experts.**

**a. Experts.** Unless otherwise ordered by the Court or agreed to in writing by the designating party, a party that seeks to disclose any information that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to consultants, investigators, or

experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action first must make a written disclosure to the designating party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the receiving party seeks permission to disclose, (2) sets forth the full name of the consultant, investigator, or expert and the city and state of his or her primary residence, (3) attaches a copy of the consultant, investigator, or expert's current resume, (4) identifies the consultant, investigator, or expert's current employer(s), (5) identifies each person or entity from whom the consultant, investigator, or expert has received compensation or funding for work in his or her areas of expertise or to whom he or she has provided professional services, including in connection with litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the consultant, investigator, or expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

**b.** A party that makes a disclosure and provides the information specified in the preceding respective paragraphs may disclose the subject information unless, within 14 days of delivering the disclosure, the party receives a written objection from the designating party. Any such objection must set forth in detail the grounds on which it is based.

**c.** A party that receives a timely written objection must meet and confer with the designating party to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the party seeking to make the disclosure may file a motion seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure is reasonably necessary, assess the risk of harm that the disclosure would entail. In any such proceeding, the party opposing disclosure shall bear the burden of proving that the risk of harm that the disclosure would entail outweighs the receiving party's need to disclose the information.

**8. Inadvertent Failure to Designate**

An inadvertent failure to designate a document as Confidential Information, or to designate the correct level of confidentiality ("Confidential" or "Attorneys' Eyes Only"), does not, standing

alone, waive the right to so designate the document. If a producing party designates a document as Confidential Information, or designates a different level of confidentiality, after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, or designated with a different level of confidentiality, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or with a different level of confidentiality.

The inadvertent production of any document or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection shall not constitute a waiver of any such privilege or protection, either as to the produced document or as to any other document or communication.

Upon discovering that privileged or protected material has been inadvertently produced, the producing party shall promptly notify the receiving party in writing, identify the document(s) at issue, and state the basis for the claim of privilege or protection. Upon receipt of such notice, the receiving party must: (a) promptly return, sequester, or destroy the specified document(s) and any copies thereof; (b) not use or disclose the document(s) until the claim is resolved; (c) take reasonable steps to retrieve any copies already disclosed to third persons; and (d) within five business days of the notice, notify the producing party that if it contests the privilege claim. If the receiving party contests the claim, it may present the document to the Court under seal for in camera review, but may not use or disclose the document pending the Court's ruling. The producing party must preserve the document(s) and promptly move the Court for a ruling if the receiving party contests the designation.

**9. Filing of Confidential Information**

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the Local Rules, including LR IA 10-5.

**10. No Greater Protection of Specific Documents.**

Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**11. Challenges by a Party to Designation as Confidential Information.**

The designation of any material or document as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is subject to challenge by any party. The following procedure shall apply to any such challenge.

**a. Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five business days.

**b. Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**12. Action by the Court.**

Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**13. Use of Confidential Information at Trial.**

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information openly (not under seal) at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**14. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**a.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**b.** The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**c.** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**15. Obligations on Conclusion of Litigation.**

**a. Order Continues in Force.** Unless otherwise agreed or ordered, this Order

shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**b. Obligations at Conclusion of Litigation.** Within 60 days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, shall either be returned to the producing party or the receiving party may elect to destroy the documents and certify to the producing party that it has done so.

**c. Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

**16. Order Subject to Modification.**

This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**17. No Prior Judicial Determination.**

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**18. Prosecution Bar**

Anyone that receives Confidential information from an opposing party pursuant to this Order shall not engage, formally or informally, in patent prosecution for the parties involved in this lawsuit relating to the subject matter received, for the duration of this lawsuit, including appeals and two years thereafter. This does not preclude the law firms of such attorneys from prosecuting patents relating to the subject matter received so long as appropriate safeguards are in

place to preclude the Confidential information from being provided to those individuals involved in patent prosecution. This bar does not preclude anyone from being involved in or prosecuting post-grant challenges to the patent at issue in this case including any reexaminations, inter partes reviews, or post grant reviews.

**19. Persons Bound.**

This Order shall take effect when entered and be binding on all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

Jointly and respectfully submitted this 29th day of July 2026.

STRADLING YOCCA CARLSON & RAUTH LLP

By: *\/s/ Salil Bali*

Steve Hanle
Salil Bali
Ireland Larsen

WOMBLE BOND DICKINSON (US) LLP
Meng Zhong

*Attorneys for Plaintiffs*
*TSK Laboratory Europe B.V.; Johnson Global Medical Products Inc., d/b/a TSK Laboratory International, Canada; and ACollaboratory America Inc. d/b/a TSK Laboratory America*

IT IS SO ORDERED.
Dated: July 29, 2026
.
.

Nancy J. Koppe
United States Magistrate Judge

FOX ROTHSCHILD LLP

By: /s/ Jeff E. Schwartz
Jeff E. Schwartz
Austen C. Endersby
Cali R. Spota
Jessica E. Brown

*Attorneys for Defendant Kabushikigaisha Tasuku d/b/a TSK Laboratory, Japan*

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

TSK Laboratory Europe B.V.; Johnson Global Medical Products Inc., d/b/a TSK Laboratory International, Canada; and ACollaboratory America Inc. d/b/a TSK Laboratory America,

Plaintiffs,

v.

Kabushikigaisha Tasuku d/b/a TSK Laboratory, Japan,

Defendant.

CASE NO. 2:26-cv-01797-MMD-NJK

**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated ____________________, 2026 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: ______________________________

Job Title: ______________________________

Employer: ______________________________

Address: ______________________________

Date: ______________________________

________________________

Signature