UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TSK LABORATORY EUROPE B.V., *et al.*,<br>Plaintiffs,<br>v.<br>KABUSHIKIGAISHA TASUKU,<br>Defendant. | Case No. 2:26-cv-01797-MMD-NJK<br>ORDER |

## I. SUMMARY

Plaintiffs sued Defendant for alleged acts of trademark and patent infringement relating to surgical and medical apparatus instruments, mainly needles, protected under the TSK brand.[1] (ECF No. 1.) Pending before the Court is Plaintiffs' emergency motion for a temporary restraining order ("TRO") and order to show cause regarding preliminary injunction. (ECF Nos. 6, 7 ("Motion").[2]) Defendant also filed a motion for leave to file a sur-reply. (ECF Nos. 57 (unsealed); 58 (sealed) ("Defendant's Motion")[3].) Because Plaintiffs have failed to meet their burden to demonstrate that the balance of hardships favors Plaintiffs, the Court will deny Plaintiffs' Motion. The Court denies Defendant's

[1]Plaintiffs are TSK Laboratory Europe B.V., Johnson Global Medical Products Inc., d/b/a TSK Laboratory International, Canada, and ACollaboratory America Inc. (collectively, "TSK"). (ECF No. 1 at 2.) Defendant is Kabushikigaisha Tasuku d/b/a TSK Laboratory, Japan ("TSK Japan"). (*Id.*)

[2]Plaintiffs seek alternative relief—a TRO and preliminary injunction—so they filed the Motion, though identical, separately on the docket. (ECF Nos. 6; 7.) Defendant responded. (ECF Nos. 32 (sealed); 33 (unsealed).) Plaintiff filed a reply. (ECF Nos. 52 (unsealed); 54(sealed).)

[3]Plaintiffs filed a response (ECF No. 59) and Defendant filed a reply (ECF No. 60).

Motion as moot because the Court does not need to resolve the parties' dispute relating to the TSK brand.

Plaintiffs filed the Motion (ECF No. 6, 7) under seal without complying with LR IA 10-5 and demonstrating compelling reasons exist to support sealing.[4] (ECF No. 48.) Plaintiffs are directed to cure these deficiencies via a motion to seal. The Court will permit the Motion to remain under seal pending the Court's ruling as to sealing.

## II. RELEVANT BACKGROUND

On June 11, 2026, Plaintiffs filed the Complaint. (ECF No. 1.) The next day, Plaintiffs filed the Motion as an emergency asking the Court to grant a temporary restraining order in time to prevent Defendant from participating in a trade show commencing five days later on June 17, 2026, and to set a briefing schedule and hearing on their request for preliminary injunction. (ECF No. 6 at 2.) On June 15, 2026, the Court issued a minute order denying Plaintiff's request for the Motion to be considered as an emergency motion "without any meaningful opportunity for a response." (ECF No. 8.)

The Motion is now fully briefed. Based on the records before the Court, a hearing is unnecessary.

## III. DISCUSSION

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. The standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear

---

[4]To overcome the strong presumption in favor of public access, the party seeking to file a document under seal must make particularized showings as to why the particular document should be sealed and provide compelling reasons, supported by specific factual findings, for their request. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010). The Court grants the parties' subsequent motions to seal (ECF Nos. 31, 53, 56) because they have demonstrated compelling reasons exist to support their motions.

showing that the plaintiff is entitled to such relief.'" *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008)). To qualify for a preliminary injunction or TRO, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of hardships favors the plaintiff; and (4) that the injunction is in the public interest. *See Winter*, 555 U.S. at 20. The Court agrees with Defendant that Plaintiffs have not satisfied the third *Winter* factor to warrant granting preliminary injunctive relief.[5]

In determining whether to grant preliminary injunctive relief, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 444 U.S. at 24 (citations omitted). "To determine which way the balance of the hardships tips, a court must identify the possible harm caused by the preliminary injunction against the possibility of the harm caused by not issuing it." *Univ. of Haw. Prof'l Assembly v. Cayetano*, 183 F.3d 1096, 1108 (9th Cir. 1999). The Court must then weigh "the hardships of each party against one another." *Id*. Here, given the dispute as to the rights to distribute TSK brand products in the United States and the competing claim of harm, the Court finds a balance of the hardships does not weigh in favor of Plaintiffs.

Indeed, the complexities of the parties' relationship and their claim to rightful use and distribution of the TSK brand are only revealed through full briefing on the Motion.[6] The Motion asserts that "TSK has spent years building a strong reputation around its brand for innovation through the design of ultra-thin needles" and suggests that Defendant has "snuck its products with infringing trademarks into" the U.S. via a tradeshow in Las Vegas in April 2026. (ECF No. 6 at 2-3.) Defendant's response presents a more complex history of the relationship between the parties and contends that the TSK

---

[5]The Court accordingly does not address the parties' arguments on the other *Winter* factors.

[6]The Court does not make a finding as to the merits of the parties' arguments.

Japan is "original creator and manufacturer of the 'TSK' brand," tracing the history of the company's founding over 40 years ago, and its distribution of TSK brand products into the U.S. (ECF No. 32 at 7-8.) Plaintiffs' reply "does not dispute that the parties have a shared history." (ECF No. 54 at 5.) In light of this history between the parties, Plaintiffs have failed to make a clear showing that "the balance of equities tips in [Plaintiffs'] favor. *Winter*, 444 U.S. at 20.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiffs' motion for a temporary restraining order and order to show cause regarding preliminary injunction (ECF Nos. 6, 7) are denied.

It is further ordered that Defendant's motion for leave to file sur-reply (ECF Nos. 57, 58) are denied as moot.

It is further ordered that Plaintiffs file a motion to seal its Motion (ECF Nos. 6, 7) within 7 days. The Motion (ECF Nos. 6, 7) will remain under seal pending the Court's order. However, failure to timely file the motion will result in the automatic unsealing of the Motion.

DATED THIS 20th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE