**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TSK Laboratory Europe B.V., et al.,<br>Plaintiff(s),<br>v.<br>Kabushikigaisha Tasuku,<br>Defendant(s). | Case No. 2:26-cv-01797-MMD-NJK<br>**Order**<br>[Docket No. 77] |

Pending before the Court is Defendant's motion to stay discovery related only to alleged patent infringement pending resolution of its motion to dismiss the claim for patent infringement. Docket No. 77. The motion to stay discovery and the underlying motion to dismiss have been briefed. *See* Docket Nos. 78, 81; *see also* Docket Nos. 69, 70, 72.

Having considered the governing standards, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581-83 (D. Nev. 2013), the Court finds that a stay of discovery is warranted.[1] With respect to some of the arguments raised by Plaintiffs, *see* Docket No. 78 at 6-9, the Court notes that a partial stay of discovery may permissibly correspond to a partial motion to dismiss, *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 601 (D. Nev. 2011) ("the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought"), and concerns regarding potential duplication of discovery effort could be raised in every such case where a partial stay of discovery is granted and the Court is not persuaded that such concerns warrant denial of the motion to stay in this case.

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the underlying motion and may have a different view of the merits. *See Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 603 (D. Nev. 2011). The undersigned's "preliminary peek" at the merits of the motion to dismiss is not intended to prejudice its outcome. *See id.* The undersigned will not provide extensive discussion of the substance of the arguments presented in the motion to dismiss, but the Court has carefully considered them and is persuaded that the motion to dismiss will prevail. *See, e.g.*, Docket No. 72 at 5-6, 8 (distinguishing *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) and identifying line of cases not addressed by Plaintiffs in their opposition brief).

Accordingly, the Court **GRANTS** the motion for partial stay of discovery. This stay applies to discovery that is pertinent only to alleged patent infringement. Discovery must proceed forward with the required diligence as to all other claims and defenses in the case. As the Court previously denied the discovery plan without prejudice, a joint discovery plan reflecting the ruling made herein must be filed by November 24, 2026. In addition, if resolution of the motion to dismiss does not result in termination of the patent infringement claim, the parties must file a further proposed case management schedule within 14 days of the issuance of the order resolving the motion to dismiss.

IT IS SO ORDERED.

Dated: November 17, 2026

Nancy J. Koppe
United States Magistrate Judge